**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Saul Farvela,

              Plaintiff,

vs.

James Dzurenda, et al.,

              Defendants.

Case No.: 2:23-cv-01666-RFB-MDC

**ORDER**

      The Court has reviewed the plaintiff's ECF No. 15 *Notice to the Court* ("ECF No. 15 Notice") and ECF No. 18 *Notice to the Court* ("ECF No. 18 Notice"). The Court construes the ECF No. 15 Notice as a *Motion to Amend Complaint* to substitute defendant John Doe with Jeremy Bean and the ECF No. 18 Notice as a *Motion to Amend Complaint* to add a First Amendment Retaliation claim (collectively "Motions"). *See generally ECF No. 15; ECF No. 18.*[1]

      Pursuant to Local Rule ("LR") 15-1 and Federal Rule of Civil Procedure 15, movants are required to attach a proposed amended complaint to a Motion to Amend Complaint, and plaintiff did not do so. *See* LR 15-1; *see also* Fed. R. Civ. Pro 15(a)(2) (stating that if a plaintiff cannot amend his complaint as a matter of course, that plaintiff can only amend "with the opposing party's written consent or the court's leave."). Even liberally construed, the Motions do not follow Court rules. *See, e.g.*, *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (stating that "[a]lthough pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.") (collecting cases). Therefore, the Court *sua sponte* **DENIES** the Motions without prejudice. Plaintiff has until **October 17, 2025,** to file a *Motion to Amend Complaint* that complies with Court rules.

---

[1] "A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal citations omitted).

Plaintiff is also cautioned that complaints cannot be amended to add unrelated claims or new claims that occurred after the original complaint. *See e.g., Hill v. Marciano*, No. 20-cv-01717-JAD-DJA, 2021 WL 8016909, at *5 (D. Nev. July 30, 2021) ("Hill may not amend the complaint to add unrelated claims against other defendants or new claims or events that took place after the original complaint was filed."); *Langford v. Dzurenda*, No. 19-cv-00010-RCJ-WGC, 2020 WL 1815824, at *1 (D. Nev. Apr. 9, 2020) ("Plaintiff does not have leave to include in the amended complaint any unrelated claims against other defendants, and an amended complaint may not include any allegations concerning events that have transpired since he filed his original complaint.") (emphasis in original); *Wilcox v. Portfolio Recovery Assocs., LLC*, No. 20-cv-01545-JAD-NJK, 2022 WL 1908863, at *3 (D. Nev. June 3, 2022) ("The Wilcoxes may not amend the complaint to add unrelated claims against other defendants, replead claims that were previously dismissed with prejudice, or include new claims based on events that have taken place since the original complaint was filed."). Added claims should be based on the same operative facts as stated in plaintiff's complaint. Failing to do so may result in denial of the motion.

//
//
//
//
//
//
//
//
//
//
//
//

ACCORDINGLY,

**IT IS ORDERED that:**

1. *Notice to the Court* (ECF No. 15) and *Notice to the Court* (ECF No. 18) are both construed as *Motions to Amend Complaint*.

2. The Court *sua sponte* **DENIES** the Motions without prejudice.

3. Plaintiff has until **October 17, 2025**, to file a *Motion to Amend Complaint* that adheres to this Order and Court Rules.

4. Plaintiff is cautioned from adding unrelated claims or new claims that occurred after his complaint. Added claims should be based on the same operative facts as are in plaintiff's complaint.

DATED: September 17, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.