UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Saul Farvela,<br><br>             Plaintiff,<br><br>vs.<br><br><br>James Dzurenda, *et al.*,<br><br>             Defendants. | No. 2:23-cv-01666-RFB-MDC<br><br>**ORDER DENYING MOTIONS (ECF NOS. 21, 22, 23, 24)** |

Pending before the Court are *pro se* plaintiff Saul Farvela's *Motion for Production* and three (3) Motions for Admissions (ECF Nos. 21, 22, 23, 24) (collectively the "Motions"). The Court **DENIES** the Motions without prejudice for the reasons stated below.[1]

**DISCUSSION**

**I.     LEGAL STANDARD**

Discovery is governed by Federal Rules of Civil Procedure ("Rule") 26, which reads in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Rule 34 provides that a party may serve on another a request for production of documents, electronically stored information, or tangible things within the scope of Rule 26(b). Fed. R. Civ. P.

---

[1] Although defendants did not respond to the Motions, the Court exercises its discretion and adjudicates the Motions as reasoned in this order. The Court, however, cautions defendants that future failures to respond to any motion may result in the Court granting the motion pursuant to LR 7-2(d).

1

34(a). Where a party fails to produce documents requested under Rule 34, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Reflex Media Inc. v. Does No. 1*, No. 2:18-cv-02423-RFB-BNW, 2022 WL 20328162, at *2 (D. Nev. Aug. 25, 2022) (citations omitted). The opposing party is "required to carry a heavy burden of showing why discovery was denied." *Id.* (citation omitted). The opposing party must show that the discovery request is overly broad, unduly burdensome, irrelevant, or disproportional in light of the issues at stake. *See* Fed. R. Civ. P. 26(b)(2)(C); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472-73 (9th Cir. 1992). The opposing party must specifically detail the reason why the request is improper. *Beckman Indust.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

Discovery motions "will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c). A meet and confer means:

> to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

LR IA 1-3(f).

"A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants." LR IA 1-3(f)(2).

//

//

## II. PLANITIFF DID NOT FOLLOW THE LOCAL OR FEDERAL RULES

Plaintiff seeks a wide array of documents, exhibits, and admissions from defendants. *See generally ECF Nos. 21, 22, 23, 24*. The Court construes plaintiff's motions as a motion to compel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed[.]'"). Plaintiff did not follow the Local Rules when drafting the Motions. Plaintiff failed to provide any declaration or information in the Motions detailing any meet-and-confer efforts. *See generally ECF Nos. 21, 22, 23, 24*; *see also Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (stating that "[a]lthough pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). Plaintiff is reminded that pursuant to LR 26-6, discovery motions will not be considered unless there has been a meet-and-confer on the issues and the motion includes a declaration regarding the meet-and-confer efforts. *See* LR 26-6(c). Plaintiff also should not file a motion to compel if defendants agree to produce the evidence requested and the parties have no discovery dispute. As an incarcerated individual, plaintiff may meet-and-confer with defendants through either face-to-face communication or written communication. *See* LR IA 1-3(f)(1).

Plaintiff also seeks admissions from "Jeremy Bean", who has not yet been added as a defendant party. *ECF No. 23*. Non-parties in a matter cannot produce admissions, even when a party in that matter requests so. *See* Fed. R. Civ. Pro. 36(a)(1); *see also Jules Jordan Video, Inc. v. 144942 Canada Inc.,* 617 F.3d 1146, 1158 (9th Cir.2010) (stating "[s]ome rules, such as Rule 36, permit discovery only from a party"[.]). Mr. Bean cannot produce admissions unless plaintiff properly adds Mr. Bean as a defendant party.[2]

//

//

---

[2] The Court filed an Order (ECF No. 25) stating that plaintiff has until October 17, 2025 to file a Motion to Amend Complaint if plaintiff wanted to add Jeremy Bean as a defendant party, among other things.

3

Therefore, plaintiff's Motions are denied without prejudice. Plaintiff must conduct a meet-and-confer regarding any discovery requests with defendants before filing a motion to compel. Plaintiff must also properly add Jeremy Bean as a defendant party before requesting admissions from him.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The Motions (ECF Nos. 21, 22, 23, 24) are DENIED without prejudice.

2. Plaintiff must conduct a meet-and-confer regarding any discovery requests with defendants before filing a motion to compel.

3. Plaintiff must properly add Jeremy Bean as a defendant party in the complaint before requesting admissions from him

DATED: October 1, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.