**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Saul Farvela,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>James Dzurenda, *et al.*,<br><br>　　　　　Defendants. | No. 2:23-cv-01666-RFB-MDC<br><br>**ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE (ECF NO. 29) AND GRANTING MOTION TO EXTEND NUN PRO TUNC (ECF NO. 30)** |

Pending before the Court are *pro se* plaintiff Saul Farvela's ("plaintiff") *Motion to Compel* ("Compel Motion") (ECF No. 29) and defendants' Motion to Extend Time regarding responding to plaintiff's Motion ("Extend Motion") (ECF No. 30) The Court **DENIES** the Compel Motion without prejudice and **GRANTS** the Extend Motion *nun pro tunc* for the reasons stated below.

**DISCUSSION**

Plaintiff requests to compel an array of documents, admissions, and interrogatory answers from defendants. *ECF No. 29*. Plaintiff filed a declaration in support of the Motion. *Id.* at 9-10. Plaintiff also seeks $10 in reasonable expenses in bringing forth this Motion. *Id.* at 2-3. The Court denied plaintiff's previous attempt to compel discovery because it found that parties did not meaningfully meet and confer as required under the local and federal rules. *ECF No. 26*.

Defendants requested for an extension to file a response to the Compel Motion by December 3, 2025. *ECF No. 30*. Plaintiff did not oppose the Extend Motion and defendants filed their response on December 3, 2025. *Id*. Finding good cause to extend defendants' deadline to respond and because plaintiff did not oppose, the Court grants the Extend Motion and finds that defendants' response was timely.

Parties did not meaningfully meet and confer before plaintiff filed the Compel Motion as required under the local and federal rules.[1] Discovery is governed by Federal Rules of Civil Procedure ("Rule") 26, which reads in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). Discovery motions "will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c). A meet and confer means:

> to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

LR IA 1-3(f). "A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants." LR IA 1-3(f)(2).

Plaintiff provides no evidence that the parties have properly met and conferred before he filed the Compel Motion, only stating that he sent a "written request" to defendants on October 24, 2025, which defendants either did not respond to or receive. *See ECF No. 29* at 6, 9-10. Parties must actually communicate regarding these discovery requests and must make the necessary arrangements to do so. *See* LR IA 1-3(f).

---

[1] The Court also denies plaintiff's request for reasonable fees related to bringing the Compel Motion because the parties did not properly meet and confer before plaintiff filed the Motion as required under local and federal rules.

Defendant noted that parties have a scheduled phone call for December 8, 2025. *ECF No. 31* at 2, 5. Plaintiff may file a renewed motion to compel if parties have properly met and conferred in trying to resolve their discovery disputes in good faith and could not do so. The Court cautions plaintiff that he should not file a renewed motion to compel if parties no longer have a discovery dispute.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Compel* (ECF No. 29) is **DENIED** without prejudice. Parties must properly meet-and-confer and attempt to resolve any discovery disputes in good faith before filing a motion to compel.

2. Defendants' *Motion to Extend Time* (ECF No. 30) is **GRANTED** *nun pro tunc*. Defendants' response to plaintiff's Compel Motion is timely.

DATED: January 6, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.